**LInda MEADE, Appellant,**

**v.**

**Walter B. MEADE, Appellee.**

**No. I1486.**

Court of Civil Appeals of Texas.

Austin.

April 12, 1967.

John Wright, Grand Prairie, for appellant.

Frank S. Wright, Dallas, for appellee.

HUGHES, Justice.

This is a divorce suit in which Linda Meade, appellant, sued Walter B. Meade for divorce and for custody of their only child, Jeffery Barnett Meade, a boy age four years. Trial to the court without a jury resulted in a judgment granting appellant a divorce and awarding appellee custody of Jeffery.

Appellant relying upon the rule that, other things being equal, a child of tender years should be in the custody of its mother, contends the trial court erred in not awarding her the custody of Jeffery.

We are of the opinion that the record clearly reflects that "other things" are not equal, and that no abuse of discretion on the part of the trial court is shown in awarding appellee the custody of his son.

The statement of facts contains more than two hundred pages and contains, for the most part, testimony of three medical doctors and others pertaining to mental illness of appellant.

We refrain from writing the full details of this illness as shown by the record, but will do so if appellant so requests us.

Appellant has undergone psychiatric treatment in Parkland and Beverly Hills hospitals in Dallas, and in the Terrell State Hospital. She has been an in or out patient, receiving psychiatric care, since July 1964. She was an in-patient just a few days before the trial below, which was on March 1, 1966.

The last doctor treating appellant testified that in his opinion appellant would completely recover in a year's time. If this prediction comes true, as all persons must assuredly hope, appellant will be in a position to ask for modification of the custody decree on the ground of changed conditions. We wish to emphasize that the only evidence appearing in this record upon which the trial court could predicate a finding that appellant was an unfit person to be awarded custody of Jeffery is the evidence relating to her mental illness.

The judgment of the trial court is affirmed.

Affirmed.